UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ALFREDO CARLOS POTT,              Case No.

    Petitioner,

v.

WORLD CAPITAL PROPERTIES LTD.,
GONZALO LÓPEZ JORDÁN, and
SANTIAGO STEED,

    Respondents.
_____/

### APPLICATION OF ALFREDO CARLOS POTT
### FOR RECOGNITION AND ENFORCEMENT
### OF FOREIGN ARBITRAL AWARDS

1.  Alfredo Carlos Pott ("Pott") respectfully moves, pursuant to 9 U.S.C. §§ 9, 301, and 207, for recognition and enforcement of the arbitral award (the "Final Award") rendered in Buenos Aires, Argentina on March 19, 2021 in favor of Pott and against respondents World Capital Properties Ltd. ("WCP"), Gonzalo López Jordán ("López Jordán"), and Santiago Steed ("Steed").[1] In support of his application, Pott states as follows and submits the accompanying memorandum of law.

**Parties, Jurisdiction, and Venue**

2.  Pott is an Argentine citizen who resides in the Province of Buenos Aires, Argentina.

3.  WCP is a company organized under the laws of the British Virgin Islands. During the time period covered by the underlying dispute, WCP conducted operations from a location at 1200 Brickell Avenue, Miami, Florida.

---

[1] WCP, López Jordán, and Steed are collectively referred to as "Respondents."

4. López Jordán is, on information and belief, a citizen of the State of Florida and is domiciled in Miami Beach, Florida.

5. Steed is, on information and belief, a citizen of the State of Florida and is domiciled in Key Biscayne, Florida.

6. This is an application for recognition and enforcement of an arbitral award rendered in Buenos Aires, Argentina in favor of Pott and against Respondents.  Accordingly, the Court has jurisdiction over this application pursuant to 28 U.S.C. § 1331 and 9 U.S.C. §§ 203 and 302, because Argentina and the United States are both parties to the Inter-American Convention on International Commercial Arbitration of January 30, 1975 (the "Convention"), OASTS 42, 14 I.L.M. 336 (1976), and the Arbitral Award is within the scope of the Convention.  The Court also has jurisdiction under the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958, 21 U.S.T. 2517, T.I.A.S. No. 6997, 330 U.N.T.S. 38 (the "New York Convention"), as implemented in Chapter 2 of the Federal Arbitration Act, 9 U.S.C. §§ 201 et seq., because the United States, Argentina, and the United Kingdom are all contracting States to the New York Convention and the United Kingdom has extended the Convention's operation to the British Virgin Islands by formal notification dated February 24, 2014.

7. This application is brought as a motion pursuant to 9 U.S.C. § 6.

8. Venue is proper in this judicial district pursuant to, *inter alia,* 9 U.S.C. §§ 204, 302 and 28 U.S.C. § 1391, because, *inter alia,* an action or proceeding with respect to the controversy between the parties could have been brought in this district but for the parties' arbitration agreement.

## **CONFIRMATION OF ARBITRAL AWARD**

9.  On or about December 4, 2014, Pott commenced an arbitration against Respondents and others seeking, *inter alia,* an award of damages in connection with breaches of an August 11, 2010 Stock Option Agreement ("SOA") between Pott and WCP.

10.  Clause 4 of the SOA provided for arbitration between the parties:

> 4.2.   Any controversy or claim arising out of or related to this Agreement shall be solely and finally settled by an arbitration panel acting in accordance with the International Chamber of Commerce rules of arbitration, in accordance with the regulations in force for arbitrations of law, which the Parties accept.
>
> 4.3   The Parties agree that the award of the arbitration panel shall be the sole and exclusive remedy between them regarding any claims, counterclaims, issues or accountings presented to the arbitrators, irrespective of the magnitude thereof.
>
> 4.4   All arbitration proceedings shall be conducted in Spanish language.  The place of the arbitration shall be Buenos Aires, Argentina.  The Parties agree to facilitate the arbitration by (i) making available to each other and to the arbitrators for inspection and extraction all documents, books, records and personnel under their control as the arbitrators shall determine to be relevant to the dispute; (ii) conducting arbitration hearings to the greatest extent possible on successive, contiguous days; and (iii) observing strictly the time periods established by the arbitrators for the submission of evidence and briefs.
>
> 4.5   Any decision or award of the arbitration tribunal shall be final and binding upon the Parties to the arbitration proceeding.  The Parties hereby waive to the fullest extent possible permitted by law any rights to appeal or to review such award by any court or tribunal, except for their right to request the annulment of such award based on such award being granted on matters not subject to arbitration.  The Parties agree that the arbitration award may be enforced against the Parties to the arbitration proceeding or their assets wherever they may be found.  Enforcement of the arbitration award may be entered in any other court having jurisdiction over the Parties or their assets.

Clause 4 of the SOA also provided that the parties' rights and obligations were governed by the substantive law of Argentina.[2]  A true and correct copy of the SOA (not including certain voluminous permits appended as a schedule to that Agreement) is attached as Exhibit A.

11. Pursuant to the applicable rules of arbitration, on March 12, 2015 the ICC International Court of Arbitration appointed a three-person arbitral tribunal consisting of Raúl E. Vinuesa, Osvaldo J. Marzorati, and Eduardo Siquieros Twomey (who served as president of the arbitral tribunal). A copy of the official notice of appointment of the arbitrators is attached as Exhibit B.

12. In the arbitration, Respondents López Jordán and Steed asserted defenses based upon, *inter alia,* lack of jurisdiction.  Following full briefing concerning those defenses, the arbitral tribunal held a hearing on them in Buenos Aires, Argentina on March 21 and 22, 2017.

13. On October 23, 2017, the arbitral tribunal rendered a Partial Award, which addressed López Jordán's and Steed's jurisdictional defenses, among others.  In its Partial Award, the arbitral tribunal found that it had jurisdiction to consider Pott's claims against WCP, López Jordán and Steed, as well as another respondent in the arbitration.  A certified copy of the Partial Award is attached (with a certified translation thereof) as Exhibit C.

14. Respondents López Jordán and Steed filed a proceeding with the Court of Appeals in Commercial Matters of Argentina, seeking to nullify the Partial Award.  On July 18, 2019, that court rendered judgment dismissing Respondents' requests and confirmed the Partial Award.  Thereafter, Respondents López Jordán and Steed filed an extraordinary federal

---

[2] "4.1    The celebration, validity, interpretation, execution and enforceability of this Agreement and the rights and obligations arising hereunder will be governed by and construed under the laws of Argentina, excluding its conflict of laws rules." *Id.*  In addition, the Parties waived venue objections in Clause 4.6 of the SOA.

appeal against the court's July 18, 2019 judgment, which was dismissed by the Court of Appeals in Commercial Matters on October 17, 2019. As a result, following issuance of the Partial Award, López Jordán and Steed have fully, finally, and unsuccessfully litigated all issues concerning the Arbitral Tribunal's jurisdiction over them. They have exhausted all ordinary avenues of relief, and have thus far failed to obtain extraordinary relief, as well.

15. During the course of the arbitral proceedings, and pursuant to the applicable rules of arbitration, the ICC International Court of Arbitration granted a number of extensions of time in which to render the Final Award. True and correct copies of these extensions are attached (with translations thereof) as Composite Exhibit D.

16. On March 19, 2021, following additional submissions by Pott, López Jordán and Steed and a two-day virtual hearing, the Arbitral Tribunal rendered its Final Award, a certified copy of which is attached (together with a certified translation) as Exhibit E.

17. In the Final Award, the Arbitral Tribunal found, *inter alia,* that

> 3. World Capital Properties Ltd. is declared in breach of clause 2.1 of the SOA.
>
> 4. It is declared that Gonzalo López Jordán and Santiago Steed controlled World Capital Properties Ltd. during the relevant dates of the sale-purchase transaction and subsequent sale of BDA's shares by World Capital Properties Ltd. to Acqua Holdings LLC.
>
> 5. The activity carried out by Respondents Gonzalo López Jordán and Santiago Steed as controllers of World Capital Properties Ltd., evidenced the intention to frustrate the rights of Alfredo Carlos Pott under the SOA, and claim an unlawful personal benefit that the Tribunal undoubtedly qualifies as willful misconduct. Consequently, the Tribunal declares that Gonzalo López Jordán and Santiago Steed are joint and severally liable together with World Capital Properties Ltd. for the damages caused to Alfredo Carlos Pott for the breach of their obligations under the SOA, pursuant to Section 54 of [Argentina's Law of Commercial Companies No. 19,550].

> 6. It is determined that the damage to property caused to Alfredo Carlos Pott by the breach amounts to USD 8,850,000 as of December 30, 2010. Upon the update adjustment due to interest as of February 28, 2021, this amount reaches USD 19,154,055. Consequently, World Capital Properties Ltd., Gonzalo López Jordán and Santiago Steed are joint and severally ordered to pay Alfredo Carlos Pott the sum of USD 19,154,055.
>
> …
>
> 8. World Capital Properties Ltd., Gonzalo López Jordán and Santiago Steed are joint and severally ordered to pay Alfredo Carlos Pott the arbitration expenses established by the [ICC International Court of Arbitration] in the amount of USD 670,000 and, in addition, the Claimant's costs in the amount of USD 1,652,990.27 dollars. That is, a total of USD 2,212,889.27.
>
> 9. The amounts which World Capital Properties Ltd., Gonzalo López Jordán and Santiago Steed have been joint and severally ordered to pay Alfredo Carlos Pott (items 6 and 7 above) must be paid within 30 (thirty) calendar days following the date on which the Final Award is notified.
>
> 10. In the event that the total amount of the judgment is not covered within the term of 30 (thirty calendar days), then the total amount will accrue interest until the effective payment date, at a simple interest rate of 10% (ten percent) on an annual basis.
>
> …
>
> (Final Award, Part 15, "Decision") (emphasis added).

18. The Final Award resolves, pursuant to a written arbitration agreement, a dispute concerning commercial matters, including a Stock Option Agreement relating to a commercial fishing company, that constitute "commerce" within the meaning of 9 U.S.C. § 1. The parties' arbitration agreement and the Final Award are also within the scope of the Convention and of the New York Convention.

19. WCP, López Jordán, and Steed have not complied with the Final Award.

20. No basis exists for denying recognition and enforcement of the Final Award under the Convention or, alternatively, the New York Convention.

21. Accordingly, the Court should enter judgment confirming, recognizing and enforcing the Final Award pursuant to 9 U.S.C. §§ 9, 301, 302, and 207, and Article 4 of the Convention or, alternatively, Article III of the New York Convention.

CONCLUSION

22. For the foregoing reasons, Pott respectfully requests an Order and Judgment (a) confirming, recognizing and enforcing the Final Award; (b) entering judgment in favor of Pott and against Respondents jointly and severally in the amount of $21,366,944.27, plus 10% simple interest from April 18, 2021 to the date of judgment, with post-judgment interest at the rate provided by law; (c) directing Respondents to complete debtor information forms as specified in Fla.R.Civ.P. 1.560(c) and Form 1.977 *(see* Fed.R.Civ.P. 69(a)); and (d) granting such other relief as the Court may deem just and equitable.

Respectfully submitted,

**BRYAN CAVE LEIGHTON PAISNER LLP**
200 South Biscayne Blvd., Suite 400
Miami, FL 33131
Tel: (786) 322-7500
Fax: (786) 322-7501

By: */s/ C. Ryan Reetz*
  C. Ryan Reetz
  Florida Bar No. 934062
  ryan.reetz@bclplaw.com
  Pedro J. Martinez-Fraga
  Florida Bar No. 752282
  pedro.martinezfraga@bclplaw.com

*Attorneys for Petitioner,*
*Alfredo Carlos Pott.*