UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-23942-CIV-LENARD/LOUIS

**ALFREDO CARLOS POTT,**

    Petitioner,

v.

**WORLD CAPITAL PROPERTIES, LTD.,** *et. al.*,

    Respondents.
_____/

# OMNIBUS ORDER ADOPTING REPORT AND RECOMMENDATION (D.E. 133); DENYING MOTION TO DISMISS (D.E. 97); AND GRANTING AMENDED APPLICATION FOR RECOGNITION AND ENFORCEMENT OF FOREIGN ARBITRAL AWARD (D.E. 20)

**THIS CAUSE** is before the Court on the Report and Recommendations of Magistrate Judge Lauren F. Louis ("R. & R.," D.E. 133)[1] recommending the Court grant Petitioner Alfredo Carlos Pott's Amended Application for Recognition and Enforcement of Foreign Arbitral Award ("Amended Application," D.E. 20) and deny Respondent Gonzalo Lopez Jordan's Motion to Dismiss and Opposition Under Article V to Application for Recognition and Enforcement of Foreign Arbitral Award ("Motion," D.E. 97).[2] Respondent filed Objections to the R. & R. ("Objections," D.E. 138) to which Petitioner

---

[1] The Magistrate Judge conducted a hearing prior to issuing the R. & R. and the Court has reviewed the transcript of that proceeding. ("Transcript," D.E. 143).

[2] Petitioner filed a Response to the Motion (D.E. 110) on September 15, 2023, to which Respondent filed a Reply (D.E. 118) on October 31, 2023.

filed a Response ("Response," D.E. 146). Upon an independent review of the record and the relevant filings, the Court finds as follows.

I. **Background**[3]

Having completed a de novo review of the record, the Court adopts in full the R. & R.'s thorough and well-reasoned Background section and assumes the reader's familiarity with the facts outlined therein. (R. & R. at 2–4). Respondent "objects to the omission of material background that modifies the tenor and characterization of the case, and provides the basis to grant [his] motion to dismiss." (Obj.'s at 2). Respondent makes no specific objections to the Magistrate Judge's findings. (*Id.*). Instead, he attaches an eleven-page document titled "Erroneously Omitted Material Background to Report and Recommendation." (D.E. 138-1).[4] Respondent's purported omitted background amounts to nothing more than a jumbled, rambling rehashing of the arguments presented in his Motion, Reply, and Objections. The Court finds that all issues contained therein have been briefed by the Parties and fully addressed by the Magistrate Judge. As such, Respondent's objection is overruled.

---

[3] Default Final Judgment has been entered against Respondents World Capital Properties, Ltd. ("WCP") and Santiago Steed ("Steed"). (D.E.'s 12, 128). Respondent Gonzalo Lopez Jordan ("Respondent") is the sole remaining Respondent.

[4] Respondent was granted leave to exceed the Local Rule 7.1(c)(2) page limits to file his thirty-page Objections. (D.E. 141). However, the Court did not authorize the additional eleven-page filing. Consequently, it is due to be stricken for non-compliance with the Court's Orders and Local Rule 7.1(c)(2). The Court has, nevertheless, reviewed the document and finds it substantively infirm for the reasons explained herein.

## II. Legal Standards

### a. R. & R. and Objections

Under 28 U.S.C. § 636(b)(1)(B), upon the issuing of a magistrate judge's report and recommendation, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.")  De novo review requires that the "district court's consideration of the factual issue must be independent and based upon the record before the court." *LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988).

A party challenging a report and recommendation must file "written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made, the specific basis for such objections, and supporting legal authority." Local Rule 4(b)[5]; *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (per curiam). Upon receipt of such objections, the Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." *Id.*

---

[5] Local Rule 4(b) also allows any party to respond to another party's objections, which Petitioner has done in this case.

### b.     Enforcement of Foreign Arbitral Awards

Upon a de novo review of the record, the Court adopts in full the R. & R.'s thorough and well-reasoned Legal Standard section and assumes the reader's familiarity with the standards outlined therein. (R. & R. at 5–7). In so doing, the Court overrules Respondent's Objections as explained below.

First, Respondent objects to the R. & R. having presumed his consent to arbitrate by imposing a general presumption in favor of arbitration as to non-signatories. **(**Obj.'s at 2–7). The Court finds the Objection meritless. Respondent must read the Legal Standard section of the R. & R. in its entirety. Therein, the Magistrate Judge sets forth the relevant legal standards and correctly states that the "award is presumed to be confirmable" only "[o]nce the proponent of the award meets his article IV jurisdictional burden[.]" (R. & R. at 6 (citing *Czarina, L.L.C. v. W.F. Poe Syndicate*, 358 F.3d 1286, 1292 (11th Cir. 2004)). The R. & R. neither presumes Respondent's consent nor imposes a general presumption in favor of arbitration as to non-signatories. Because Respondent mischaracterizes the Legal Standard section, his Objection is overruled.

For the same reason, the Court overrules Respondent's Objection "to the Court's incomplete standard from *Chelsea Football Club Ltd. v. Mutu*, 849 F. Supp. 2d 1341, 1344 (S.D. Fla. 2012), cited by the Court for the proposition that this proceeding was not intended to involve complex factual determinations." (Obj.'s at 7). Again, only once the proponent of the award meets his article IV jurisdictional burden is the award presumed to be confirmable; and, at that point, "[c]onfirmation under the Convention is a summary proceeding in nature, which is not intended to involve complex factual determinations,

other than a determination of the limited statutory conditions for confirmations or grounds for refusal to confirm." *Chelsea Football Club Ltd.*, 849 F. Supp. 2d at 1344 (citation omitted).

Second, Respondent seeks to supplement the record with a list of cases that were not presented to the Magistrate Judge. (Obj.'s at 2–3). The Court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge but, rather, was raised for the first time in the party's objections to the magistrate judge's report and recommendation. *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009). Here, the Court finds it appropriate to strike the newly cited authorities. Relevant to this decision is the fact that Respondent cites two cases that have been overturned on appeal. Respondent cites the Eleventh Circuit's 2018 decision in *Outokumpu Stainless*[6] for the proposition that Petitioner was required to "attach and prove a written arbitration contract signed by the specific respondent." (Obj.'s at 3. (citing *Outokumpu Stainless U.S., LLC v. Converteam SAS*, 902 F.3d 1316, 1326 (11th Cir. 2018)). But that decision was reversed by the Supreme Court's 2020 opinion in *GE Energy Power Conversion France SAS, Corp. v. Outokumpu Stainless USA, LLC*, 590 U.S. 432, 445 (2020).[7] Respondent

---

[6] Respondent cites *Outokumpu Stainless* for the first time in his Objections. (*See generally* Mot. Reply, Tr.).

[7] In *GE Energy*, the Supreme Court addressed the New York Convention's requirement of a "an arbitral clause in a contract or an arbitration agreement, signed by the parties or contained in an exchange of letters or telegrams." *GE Energy*, 590 U.S. at 439. The Supreme Court expressly rejected the Eleventh Circuit's conclusion below that this requirement could only be satisfied with respect to those parties that had actually signed the document in question. *Id.* at 445.

also cites the Ninth Circuit's 2017 decision in *De Yang*[8] for the same proposition. (Obj.'s at 2 (citing *De Yang v. Majestic Blue Fisheries, LLC*, 876 F.3d 996, 1002 (9th Cir. 2017)). Yet, that decision was also reversed by the Supreme Court in *GE Energy*.[9] At best, counsel for Respondent displays a high level of professional incompetence in citing bad law. At worst, he has deliberately attempted to mislead the Court. Respondent's Objection is thus overruled, and the authorities and arguments not presented to the Magistrate Judge are stricken.

Third, in his remaining Objections, Respondent fails to identify an incorrect legal standard.[10] Respondent rather launches into his argument asserting that he did not sign a written agreement to arbitrate, and the Terms of Reference do not suffice. (Obj.'s at 2–7). Respondent thus bypasses the Legal Standard section, proceeding straight into his argument, without specifically objecting to the authorities cited by the Magistrate Judge.[11]

---

[8] Respondent cites *De Yang* for the first time in his Objections. (*See generally* Mot. Reply, Tr.).

[9] The other cases cited by Respondent for this proposition obviously, do not, contradict the Supreme Court's holding in *GE Energy*. In general, they involve the absence of any arbitration agreement at all. *See Czarina, L.L.C. v. W.F. Poe Syndicate*, 358 F.3d 1286, 1289–94 (11th Cir. 2004); *China Minmetals Materials Imp. & Exp. Co. v. Chi Mei Corp.*, 334 F.3d 274, 284 (3d Cir. 2003). Or they involve cases where there was no basis for binding a non-signatory to the arbitration agreement. *See T.T. Int'l Co., Ltd. v. BMP Int'l, Inc.*, 2023 WL 3453565, at *4 (M.D. Fla. May 15, 2023). Neither of those scenarios are applicable here.

[10] For example, Respondent's Objections to page five of the R. & R. (the first page of the Legal Standard section) fail to address the legal standards outlined by the Magistrate Judge on that page. (*Compare* R. & R. at 5 *with* Obj.'s at 2–4).

[11] The Magistrate Judge notes that "[a]t the hearing, Respondent disputed that the Convention applied to the instant proceedings at all given that he is not a signatory to the underlying Agreement at issue. However, Respondent did not dispute that the caselaw interpreting provisions of the New York Convention are largely applicable to the Inter-American Convention and vice versa." (R. & R. at 5 n. 2). It appears to the Court that Respondent's counsel struggles to understand the difference between legal standards and argument.

Consequently, Respondent violates Local Rule 4(b) by failing to specifically identify the portions of the proposed legal standards to which an objection is made and the specific basis for the objection. *Macort*, 208 F. App'x at 783. As such, Respondent's remaining Objections to the Legal Standard section of the R. & R. are overruled.

### III. Discussion

#### A. Question of Arbitrability

Upon a de novo review of the record, the Court adopts the Magistrate Judge's findings and assumes the reader's familiarity with the analysis contained therein. (R. & R. at 7–12). As explained below, Respondent's Objections to this section are overruled.

First, Respondent objects to this portion of the R. & R. arguing that the Magistrate Judge erroneously placed the burden on him to "prove there was not Article II/IV written agreement, rather than upon Petitioner to attach and prove a signed arbitration contract[.]" (Obj.'s at 7). Petitioner counters arguing that he "filed the Stock Option Agreement (ECF Nos. 1-1, 20-1), a signed agreement which contains an arbitration clause in its section 4." (Resp. at 14.) Petitioner further contends that:

> The fact that the document is signed by parties other than [Respondent] does not render the Convention inapplicable, just as in *GE Energy* the fact that *GE Energy* had not signed the contracts in question did not preclude the Convention's application. Rather, as in *GE Energy*, the question of whether [Respondent] should be treated as a party to the (existing, signed) arbitration agreement is determined by background principles of contract law.

(*Id.*).

As discussed, "[i]n an action to confirm a foreign arbitral award the initial burden is on the party applying for recognition to establish jurisdiction under Article IV of the

Convention by supplying: (1) '[t]he duly authenticated original award or a duly certified copy thereof'; and (2) the original written agreement to arbitrate (or duly certified copy)." (R. & R. at 6 (citing *Czarina,* 358 F.3d at 1291)).  The Court finds that the Magistrate Judge correctly applied this standard and did not place the initial burden on Respondent.  The Court further acknowledges that Respondent did not sign the Stock Option Agreement.  However, his status as a non-signatory is not dispositive.  As discussed below, the Magistrate Judge correctly deferred to the decisions of the foreign Arbitral Tribunal and Argentinian courts finding that Respondent is bound as a non-signatory to the Stock Option Agreement and its arbitration clause.  Respondent's Objection is thus overruled.

Second, Respondent contends that his signing the Terms of Reference "does not satisfy the Article II requirement of a pre-existing written and signed agreement to arbitrate, as required for subject-matter jurisdiction here, and does not constitute delegation of arbitrability or waiver of challenge to jurisdiction over non-signatories." (Obj.'s at 7–8 (citations and footnote call number omitted)).  Petitioner counters that the R. & R. properly concluded that the Terms of Reference reflect Petitioner and Respondent's written agreement to arbitrate Respondent's jurisdictional objections.  (Resp. at 15.)

The Court finds that by signing the Terms of Reference, Respondent submitted specific claims and defenses for the Arbitral Tribunal's consideration for a "prior and special ruling." (D.E. 110-2 at 70).  Respondent's "lack of jurisdiction" and "inexistence of an arbitration agreement" arguments are plainly included in the Terms of Reference. (*Id.* at 70, 74).  The Court thus agrees with the Magistrate Judge that "the record of the arbitration proceedings shows unmistakably that, by signing the Terms of Reference,

Respondent agreed to submit to arbitration the question of arbitrability." (R. & R. at 9). As such, the Court must defer to the Arbitral Tribunal's decision on jurisdiction. *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 943 (1995). Respondent's arguments to the contrary are unavailing, and his Objections are overruled.[12]

### B.  Respondent as a Non-signatory to the Agreement

Upon a de novo review of the record, the Court adopts the Magistrate Judge's findings and assumes the reader's familiarity with the analysis contained therein. (R. & R. at 12–13.) Respondent's Objections to this section merely repeat his earlier Objections. (Obj.'s at 19–22.) As such, they are overruled.

### C.  Prior Criminal Case

Upon a *de novo* review of the record, the Court adopts the Magistrate Judge's findings and assumes the reader's familiarity with the analysis contained therein. (R. & R. at 13–14). In his Objections, Respondent invites the Court to re-litigate his *res judicata* claim under Argentine law. (Obj.'s at 22–25). Respondent misunderstands the limited role of the federal court in this case under 9 U.S.C. § 207. The Objections are thus overruled.

---

[12] Respondent string cites a list of cases, most of which were not presented to the Magistrate Judge. (Obj.'s at 8–12.) Respondent again cites the overturned district court decisions in *Outokumpu Stainless* and *De Yang*. He also heavily relies on *TransAsia Lawyers v. Econova, Inc.*, 2014 WL 2112442 (D. Utah May 20, 2014). The Utah district court in *TransAsia* held that the parties had an enforceable agreement to arbitrate their dispute, based on two independent grounds: "an exchange of letters" as contemplated by Article II of the Convention, and ordinary principles of contract and agency." *Id*. at *4–8. Having so found, the court also concluded that the parties' Terms of Reference were "not separately an enforceable agreement to arbitrate under the Convention." *Id*. at *8. The court acknowledged that this latter pronouncement amounted to dicta: "However, this is not relevant to the outcome of this motion because the [other documents] do constitute a binding agreement to arbitrate." *Id*.

### D. Due Process

Upon a *de novo* review of the record, the Court adopts the Magistrate Judge's findings and assumes the reader's familiarity with the analysis contained therein. (R. & R. at 14–17). In his Objections, Respondent merely re-argues his claim. (Obj.'s 25–30).[13] The Objections are thus overruled.

### E. Finality

Respondent makes no objections to this portion of the R. & R. The Court thus adopts the Magistrate Judge's findings. (R. & R. at 17).[14]

---

[13] Respondent appears to attach a Declaration of Mr. Lopez-Jorden ("Declaration," D.E. 138-2) in support of his arguments. The Declaration is due to be stricken from the record as it was (1): not presented to the Magistrate Judge (*see generally* Mot. Reply, Tr.), and (2): filed in contravention of the Local Rule 7.1(c)(2) page limits. The Court has, nevertheless, reviewed the Declaration and finds that it merely repeats Respondent's arguments in the form of a sworn affidavit.

Respondent also attaches the 568-page Expert Report of María Inés Corrá (D.E. 138-3) to his Objections. That report was previously attached to Respondent's Motion (D.E. 97-12) and so the Court strikes it as duplicative.

[14] The Magistrate Judge correctly concludes that "the Partial Award and Final Award are both final, and Respondent has exhausted his avenues of appeal." (*Id.*)

## IV. Conclusion

Accordingly, it is **ORDERED** and **ADJUDGED** that:

1. The Report and Recommendation (D.E. 133) is **ADOPTED**;

2. Petitioner's Amended Application for Recognition and Enforcement of Foreign Arbitral Award (D.E. 20) is **GRANTED**;

3. Respondent's Motion to Dismiss and Opposition Under Article V to Application for Recognition and Enforcement of Foreign Arbitral Award (D.E. 97) is **DENIED**;

4. The Clerk is directed to **CLOSE** this case;

5. Final Judgment shall issue by separate Order.

**DONE AND ORDERED** in Chambers at Miami, Florida this 23rd day of August, 2024.

_____
**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**